# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES C. HALL, *et al.*, | ) | CASE NO. 1:16-CV-2075 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | Magistrate Judge |
| | ) | Thomas M. Parker |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *et al.*,, | ) | |
| Defendant. | ) | **ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION** |

This matter comes before the Court upon the Report and Recommendation (ECF #22) of Magistrate Judge Thomas Parker issued on March 1, 2017. The Magistrate Judge recommends that the unopposed motions to dismiss (ECF #11, ECF #15, ECF #18) be GRANTED and that the plaintiffs' action be DISMISSED.

### Factual and Procedural History

On February 17, 2012, Defendant, the Bank of New York Mellon, filed a foreclosure action in the Geauga County Court of Common Pleas, Case No. 12F000160, with respect to the property at issue in the present case. Plaintiffs, through counsel, filed an answer with affirmative defenses on May 2, 2012. A motion for summary judgment was filed in the state foreclosure case on July 28, 2015. On August 12, 2015, plaintiffs, acting pro se, filed a brief in opposition to the motion for summary judgment asserting some of the same arguments they have asserted in

this action. The state court granted summary judgment in favor of the bank.

On August 18, 2016, plaintiffs filed this case and asserted ten counts in their complaint: Count One alleged a violation of the Fair Debt Collection Practices Act ("FDCPA"), the Ohio Consumer Sales Practices Act ("CSPA") as well as other state and federal law; Count Two alleged negligence and breach of fiduciary duties; Count Three alleged a breach of contract referring to the Note and Mortgage; Count Four alleged a breach of a Modification Agreement; Count Five alleged unjust enrichment; Count Six alleged fraud and misrepresentation; Count Seven alleged intentional infliction of emotional distress; Count Eight alleged civil conspiracy; Count Nine alleged violation of the Ohio Corrupt Practices Act ("OCPA") and the Racketeer Influenced Corrupt Organizations Act ("RICO"); and Count Ten requested declaratory judgment that plaintiffs were entitled to rescind the note and/or mortgage involved in the underlying state foreclosure case.

All defendants were properly served except for Defendant Luis Roldan. On December 7, 2016, it was noted in the court docket that service was unexecuted upon Luis Roldan by the U.S. Marshal Service. Defendant Navid Paktan filed a motion to dismiss on December 8, 2016. (ECF #11). Defendants, Mortgage Electronic Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA") and Countrywide Home Loans, Inc. ("Countrywide") filed a motion to dismiss on December 30, 2016. (ECF #15). Defendant Bank of New York Mellon ("BNY") filed a motion to dismiss on January 9, 2017. (ECF #18).

**Report and Recommendation**

The Magistrate Judge recommended that the unopposed motions to dismiss be granted

2

and that plaintiffs' action be dismissed against all defendants except Luis Roldan who has yet to be served. The Magistrate Judge found Plaintiffs failed to state a valid claim against Defendant Navid Paktan. The allegations are vague and Defendant Paktan cannot be considered a debt collector or lender under the federal statutes referenced by the Plaintiffs.

The Magistrate Judge also found that Plaintiffs' claims against Defendants Mortgage Electronic Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA"), Countrywide Home Loans, Inc. ("Countrywide"), and "Bank of New York Mellon "BNY") are barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata*. Plaintiffs also failed to sufficiently allege facts which would entitle them to relief.

The Magistrate Judge recommends that the Plaintiffs' claims should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Petitioner has filed no timely objection to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been

made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

The Court has reviewed the Magistrate Judge's Report and Recommendation and, after careful evaluation of the record, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-supported, and correct. The Report and Recommendation (ECF #22) is ADOPTED.

Because Defendant Luis Roldan was not served within 90 days of the complaint being filed, Plaintiffs' claims against Defendant Luis Roldan are DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 4(m).

The motions to dismiss (ECF #11, ECF #15, ECF #18) are GRANTED and Plaintiffs' action is DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 12(b)(6) against Defendants Mortgage Electronic Systems, Inc., Bank of America, Countrywide Home Loans,

4

Inc., Bank of New York Mellon, and Navid Paktan.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 21, 2017